Ramís v. The Registrar of Property.

Appeal from the decision of the Registrar of Property of Caguas.

No. 5.—Decided June 30, 1906.

EXECUTION OF JUDGMENT—POWERS OF MARSHAL.—In executing a judgment the marshal must not exceed the powers conferred upon him by the terms of the judgment, and the appellate court cannot determine, where said judgment is not made a part of the record on appeal, whether or not the marshal has exceeded his powers.

The facts are stated in the opinion.

*Mr. López Landrón* for appellant.

Mr. Chief Justice Quiñones delivered the opinion of the court.

This is an appeal taken by Attorney Rafael López Landrón, on behalf of Francisco Ramís y Borrás from a decision of the Registrar of Property of Caguas, denying the cancellation of certain encumbrances.

The property attached in the action brought by Francisco Ramís y Borrás on his own behalf and as the attorney in fact of his sister Antonia against the Estate of Bartolomé Borrás and his wife, Gerónima Ginert, and B. Borrás y Hermanos, in liquidation, consisting of a number of tracts of land, buildings and machinery of the estate called "Santa Catálina," in the municipal district of Caguas, having been offered at public

sale, the only bidder who appeared was Francisco Ramís y Borrás, in his own right, who offered for the property, the object of the sale, $500 cash, the sale or award to be understood to be free from all charges, encumbrances and costs, exclusive of the cost of the deeds; and this bid having been announced for a period of one hour without any person bettering the bid, the marshal of the court, José Ramírez, proceeded to award, and did award, to the bidder, Francisco Ramís y Borrás, in his own right exclusively, all the property offered for sale, for the price of $500 bid, which the successful bidder paid to the said marshal in the form of a check signed by the Successors of José Rodríguez, drawn on the American Colonial Bank, in favor of the bidder, and signed in blank on the back by said bidder, Francisco Ramís. The marshal ordered that the proper deed of the estate described be immediately executed before a notary of this city of San Juan, the place designated by the person interested, and the estate to be free from all liens, so that upon making the record the liens might be cancelled in the registry of property, to the extent covered by the sum delivered as partial payment, the balance, owing to the insufficiency of the proceeds from the sale, to be applied to meet the remaining charges and encumbrances of all kinds imposed upon the property sold at auction.

The deed of sale, free from encumbrances, having been executed by the marshal, José Ramírez, in favor of the purchaser, Francisco Ramís y Borrás, before Santiago R. Palmer, a notary of this city, on September 13 of last year, and having been presented to the Registrar of Property of Caguas for record, it was at once recorded by the registrar without difficulty as to the sale, he stating in the decision placed at the foot of the deed that he had made no entry with regard to the cancellations because no request to that effect had been made.

Thereupon a copy of the record of the sale, certified to by the marshal, was presented together with the deed, for the

cancellation of the liens upon the property sold, which cancellation the registrar denied, on the following grounds set forth in the decision at the foot of said document:

"1. Because of the lack of the previous record of the statements of liens, which is an indispensable requisite to permit of their cancellation.

"2. Because of the lack of authority in the marshal to determine and order the cancellation.

"3. Because of the existence of prior credits having preference over the mortgage credit of the execution creditor.

"4. Because only by agreement of the persons interested, and in the absence thereof, by order of the court, can the cancellation be made, in accordance with the provisions of articles 82 and 125, subdivision 2, of the Mortgage Law, and the resolution of May 30, 1891.

"5. Because the nature, extent, conditions and other requisites of the law to permit cancellations are not known.

"6 and last. Because the cancellation may be made only upon an order in duplicate from the district court directed to the office of the registrar."

Attorney Rafael López Landrón took this appeal from this decision, on behalf of the interested party, Francisco Ramís y Borrás, seeking its reversal and an order to the registrar to cancel totally the encumbrances and statements of liens of all kinds appearing against the property sold, which constitutes the estate of Santa Catalina, within the municipality of Caguas.

The marshal being the executor of the judgments of the court, he must confine himself in the execution thereof to the provisions of such judgments, and, consequently, to be able to judge whether said official has executed the judgment properly or not, and, therefore, whether or not he has exceeded his powers, the text of the judgment must be known, or at least its adjudging portion; and as this is not of record in this case, the appeal cannot be properly decided.

It is held that a decision hereon cannot be made, and the documents presented are ordered to be returned to the Registrar of Property of Caguas with a copy of this decision, for

his information and that of the persons concerned, and other proper purposes.

*Dismissed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.